**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

|  |  |
|---|---|
| INGINIO HERNANDEZ,<br><br>                              Plaintiff,<br><br>       v.<br><br>BOB FAULKNER, *et al.*,<br><br>                              Defendants. | Case No. 3:24-CV-00278-ART-CLB<br><br>**ORDER DENYING MOTION<br>TO APPOINT COUNSEL**<br><br>[ECF No. 40] |

Before the Court is Plaintiff Inginio Hernandez's ("Hernandez") motion for appointment of counsel.[1] (ECF No. 40). For the reasons discussed below, the motion for appointment of counsel, (ECF No. 40), is denied.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998) (en banc). The provision in 28 U.S.C. §1915(e)(1) gives the court discretion to "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see, e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1998) (en banc.)  While the decision to request counsel lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991).

A finding of "exceptional circumstances" requires the court to evaluate (1) the plaintiff's likelihood of success on the merits and (2) the Plaintiff's ability to articulate his claims *pro se* considering the complexity of the legal issues involved. *Id.* (quoting *Wilborn*, 789 F.2d at 1331) (internal quotation marks omitted). Neither factor is dispositive, and both factors must be considered before a court decides. *Id.* The difficulties every litigant faces when proceeding *pro se* does not qualify as an exceptional

---

[1]    This motion was erroneously docketed as an application to proceed *in forma pauperis,* although the document is clearly labeled as a "Motion for Appointment of Counsel." (ECF No. 40.)

circumstance. *Wood v. Housewright*, 900 F. 2d 1332, 1335-36 (9th Cir. 1990). While almost any *pro se* litigant would benefit from the assistance of competent counsel, such a benefit does not rise to the level of "exceptional circumstances." *Rand*, 113 F.3d at 1525. Rather, the plaintiff must demonstrate that he is unable to articulate his claims due to their complexity. *Id.*

The Court has previously denied another motion for counsel filed by Hernandez for failure to establish that exceptional circumstances exist to warrant the appointment of counsel, (ECF No. 35), and the instant motion contains even less supporting information. (*Compare* ECF No. 33 *with* ECF No. 40.) The motion for appointment of counsel is a form order stating Hernandez is unable to afford counsel, the substantive issues and procedural matters are too complex for Hernandez's comprehension and abilities. (ECF No. 40.) Hernandez does not himself include any argument in support of his motion. (See *id.* at 2 ("Argument for Appointment" section of the motion includes only the legal standard for appointment of counsel).) Hernandez again attaches documents from 2013 which indicate he may not speak or be literate in English. (*Id.* at 3-5.)

As with the previous motion for counsel, the Court again finds that exceptional circumstances do not exist in this instance. Hernandez has not provided any additional information or argument to support his request for counsel. Based on the Court's review of his motion, the circumstances described by Hernandez's motion are not exceptional as compared to many other prisoner civil rights cases. Virtually all pro se inmate litigants cannot afford counsel, face some difficulties litigating their cases due to their incarceration and lack of education, and the like. Moreover, other courts agree that a limited ability to speak and read English is not a basis, on its own, to appoint counsel. *See e.g., Nguyen v. Bartos*, No. 2:10-CV-1461-WBS-KJN, 2012 WL 3589797, at *1-2 (E.D. Cal. Aug. 20, 2012) (denying motion for counsel notwithstanding plaintiff's allegations of limited understanding of English, inability to read and write English and lack of understanding of the law, because "the court does not have the resources to appoint counsel for every prisoner with limited English language and reading skills who

2

files a civil rights action."); *Montano v. Solomon*, No. 2:07-CV-0800-KJN, 2010 WL 2403389, at *2 (E.D. Cal. June 11, 2010) (denying request for counsel based upon plaintiff's indigence and inability to read and write English requiring him to rely on other inmates to prepare his briefs, because "neither indigence nor lack of facility in English qualifies as an exceptional circumstance in a prisoner civil rights case.").

For these reasons, Hernandez has not demonstrated exceptional circumstances exist in this case and the Court **DENIES** his motion for counsel, (ECF No. 40).

**DATED**:   January 30, 2026

_____
**UNITED STATES MAGISTRATE JUDGE**

3