**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

INGINIO HERNANDEZ,

Plaintiff,

v.

BOB FAULKNER, *et al.*,

Defendants.

Case No. 3:24-CV-00278-ART-CLB

**ORDER TO FILE RESPONSE TO MOTION FOR SUMMARY JUDGMENT**

On July 13, 2026, Defendants filed a motion for summary judgment. (ECF No. 57.) To date, Plaintiff Inginio Hernandez ("Hernandez") has not filed a response. In compliance with the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998), the Court hereby advises Hernandez that Defendants' motion is a "dispositive motion" which, if granted, will result in judgment being entered against him and this case being closed without a trial. Under Federal Rule of Civil Procedure 56 and Local Rule 56-1, Hernandez must file opposing points and authorities, admissible evidence, and a statement of facts within 21 days to properly oppose the motion. Hernandez is advised to carefully review Federal Rule 56 to become familiar with the standards governing motions for summary judgment.

The Ninth Circuit Court of Appeals has directed that the following notice be given:

> A motion for summary judgment is a means through which the defendants seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Federal Rule of Civil Procedure 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what

your complaint says. Instead, you must set out specific facts in the form of admissible evidence (such as affidavits, declarations, depositions, answers to interrogatories, or properly authenticated documents as provided in Rule 56(e)), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

Rule 56−1 of the Local Rules for the United States District Court for the District of Nevada also requires, in addition, that you file with your opposition to a motion for summary judgment a statement of facts which you contend are or are not genuinely in issue in this summary judgment procedure. If you are opposing a summary judgment motion, you should review the opposing party's Local Rule 56−1 statement of facts not genuinely in issue, and you should set forth in writing those facts (supported by specific citation to evidence in the record which you have attached to your motion or statement) which contradict the claims of the opposing party. In other words, you must provide the court a statement of facts supported by attached admissible evidence that demonstrates that the opposing party is not entitled to judgment against you.

If you are the party moving for summary judgment, you should set forth, in writing, a statement of material facts, not genuinely in issue (supported by specific citation to evidence in the record which you have attached to your motion or statement) which supports your claim for summary judgment. In so doing, you must show the court those material facts which can be proven with admissible evidence that demonstrate that you are entitled to have judgment entered in your favor at this time.

If the non-moving party fails to oppose the motion within 21 days, or if the non-moving party fails to submit evidence supporting its opposition, the court may consider the facts as undisputed. Accordingly, if the motion for summary judgment has merit, the Court may then grant the motion and enter judgment.

**IT IS THEREFORE ORDERED** that Hernandez shall have up to and including **Friday, August 28, 2026**, to file his response to Defendants' motion for summary judgment. (*See* ECF No. 57.)

**DATED**: August 6, 2026

**UNITED STATES MAGISTRATE JUDGE**