UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

INGINIO HERNANDEZ,

Plaintiff,

v.

BOB FAULKNER, et al.,

Defendants.

Case No. 3:24-cv-00278-ART-CLB

ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

*Pro se* Plaintiff Inginio Hernandez brings this action under 42 U.S.C. § 1983 seeking redress for alleged constitutional violations he suffered while in detention with the Nevada Department of Corrections. (ECF No. 8.) Most of Mr. Hernandez's claims were dismissed with leave to amend at the time of screening; all that remained were the claims against Defendant Gaylene Fukagawa for deliberate indifference to serious medical need under the Eighth Amendment and for race-based discrimination under the Fourteenth Amendment. (ECF No. 7 at 18-19.) In the screening order, the Court gave Mr. Hernandez until November 30, 2024, to file an amended complaint. (*Id.* at 19.) No amended complaint was filed within the deadline, so the case proceeded as to only the above two claims. (ECF No. 9.)

The Court later entered a discovery plan and scheduling order, setting October 11, 2025, as the final deadline for moving to amend the pleadings. (ECF No. 32 at 5.) No such motion was timely made.

Three months later, on January 23, 2026, Mr. Hernandez filed a motion for leave to file an amended complaint. (ECF No. 38.) Magistrate Judge Carla Baldwin issued a Report and Recommendation ("R&R") recommending that this motion be denied. (ECF No. 46.) Mr. Hernandez objected to the R&R (ECF No. 47), and Defendants in turn filed a response (ECF No. 50). Meanwhile, on January 29, 2026, Mr. Hernandez filed a separate motion to appoint counsel. (ECF No. 40.)

Judge Baldwin issued an order (ECF No. 41) denying that motion, to which Mr. Hernandez filed an objection (ECF No. 43).

For the reasons detailed below, the Court overrules both objections and adopts Judge Baldwin's R&R.

**I. Leave to File an Amended Complaint**

The Court first turns to Mr. Hernandez's motion for leave to amend his complaint. (ECF No. 38.) Judge Baldwin issued an R&R recommending that Mr. Hernandez's motion be denied on the grounds that it was untimely and failed to show that good cause and excusable neglect supported amendment. (ECF No. 46 at 5-6.) Mr. Hernandez timely objected. (ECF No. 47.)

Magistrate judges are empowered to issue reports and recommendations on dispositive matters, which district judges may "accept, reject, or modify, in whole or in part." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* A court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The rules governing objections to R&Rs require the objecting party to "file and serve *specific* written objections with supporting points and authorities." LR IB 3-2 (emphasis added); *see also* Fed. R. Civ. P. 72(b)(2) (stating that "a party may serve and file *specific* written objections to [a magistrate judge's] proposed findings and recommendations" on a dispositive motion) (emphasis added). General blanket objections may be treated the same as failing to object. *See Sullivan v. Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006) (surveying circuit courts that endorse this principle); *e.g.*, *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would

a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.")

Rather than identify specific issues with the R&R or provide authorities relevant to the standard for amending pleadings, Mr. Hernandez instead largely uses his objection to restate new variations of his substantive claims. (ECF No. 47.) The same is true of his initial motion for leave to amend (ECF No. 38) and his reply in support of that motion (ECF No. 42). The Court thus concludes that Mr. Hernandez's objection does not warrant de novo review and instead triggers review for clear error. *See, e.g.*, *Alcantara v. McEwen*, No. 12-CV-401-IEG-DHB, 2013 WL 4517861, at *2 (S.D. Cal. Aug. 15, 2013) (applying clear error review where a party asserted a blanket objection to the entirety of an R&R, consistent with "substantial case law treating general objections to an R & R the same as no objections in light of the purpose of the Federal Magistrates Act"); *cf. United States v. Remsing*, 874 F.2d 614, 618 (9th Cir. 1989) ("[W]ithout specific objections relating to [the magistrate judge's] findings . . . it is impossible for the district court to perform a de novo review as required by 28 U.S.C. § 636(b)(1).").

Under this standard of review, the Court finds no clear error in the R&R. Judge Baldwin begins by recognizing (ECF No. 46 at 2-3) that under Federal Rule of Civil Procedure 15, "[i]n general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013); *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987) (noting that the liberal amendment policy "is applied even more liberally to pro se litigants"). To determine whether to grant leave to amend, a court "consider[s] five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). While "it is the consideration of prejudice to the opposing party that carries the greatest weight," *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003), "[f]utility

of amendment can [also], by itself, justify the denial of a motion for leave to amend," *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Because Mr. Hernandez sought leave to amend his complaint well beyond the deadline for doing so, granting the motion would also necessarily require extending the established discovery deadline. (ECF No. 32 at 5.) As the R&R states (ECF No. 46 at 2-5), Mr. Hernandez thus needed to justify not only the amendment of his pleadings under the lenient Rule 15 standard, but also the resulting modification of the scheduling order under the standard for Rule 16. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) ("Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b) . . . primarily considers the diligence of the party seeking the amendment."). Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In addition to good cause, when a party moves to amend after the expiration of the deadline, they must also show excusable neglect. *D.S. v. Clark Cnty. Sch. Dist.*, No. 2:22-CV-00246-JCM-NJK, 2023 WL 5748720, at *3 (D. Nev. May 22, 2023) (citing *Branch Banking & Trust Co. v. DMSI, LLC*, 871 F.3d 751, 764-65 (9th Cir. 2017)); *Johnson v. Marks*, 3:23-cv-00361-ART-CSD, 2025 WL 1043062, at *2 (D. Nev. Apr. 8, 2025).

Ultimately, Judge Baldwin recommends denying Mr. Hernandez's motion because of the prejudice that Ms. Fukagawa would suffer as a result of adding new claims and defendants this late in the discovery process, the futility of amendment based Mr. Hernandez's proposed amended complaint (ECF No. 38-1) sharing the same defects identified in the screening order, and the failure to demonstrate that the delay was the result of good cause and excusable neglect. (ECF No. 46 at 5-7.) The Court agrees.

**II. Appointment of Counsel**

The Court next evaluates Mr. Hernandez's motion to appoint counsel (ECF

No. 40), which Judge Baldwin denied (ECF No. 41). Mr. Hernandez then objected to this ruling. (ECF No. 43).

Magistrate judges are authorized to resolve nondispositive pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a) (providing this standard); LR IB 3-1(a) (same). A district court will thus defer to a magistrate judge's nondispositive order unless it is clearly erroneous or contrary to law. *Grimes v. City & Cnty. of S.F.*, 951 F.2d 236, 240 (9th Cir. 1991). "A finding is clearly erroneous when although there is evidence to support it, the reviewing body on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *24-7 Grp. of Companies, Inc. v. Roberts*, No. 3:13-CV-00211-MMD-WGC, 2014 WL 12707232, at *2 (D. Nev. Nov. 21, 2014) (quoting *United States v. Ressam*, 593 F.3d 1095, 1118 (9th Cir. 2010)). "A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Id.* (quoting *Conant v. McCoffey*, No. C97-0139 FMS, 1998 WL 164946, at *2 (N.D. Cal. Mar. 16, 1998)). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241.

A litigant does not have a constitutional right to appointed counsel in civil cases. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Pursuant to 28 U.S.C. § 1915(e)(1), the Court may request an attorney to represent any person unable to afford counsel. However, because such appointment is "a matter within the discretion of the district court," *United States ex rel. Gardner v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965), the Court will appoint counsel for indigent civil litigants only in exceptional circumstances, *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (applying this rule in a § 1983 action). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims *pro se*

in light of the complexity of the legal issues involved.'" *Id.* (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). Neither of these considerations is dispositive; they instead must be viewed together. *Id.* Finally, a petitioner seeking appointment of counsel generally must demonstrate circumstances that are exceptional relative to other *pro se* civil litigants; otherwise, "*pro se* civil litigants would be entitled to counsel in all circumstances, not only exceptional ones." *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990) (declining to appoint counsel based on "difficulties which any litigant would have in proceeding pro se").

Mr. Hernandez's motion consists of the standard form attesting that he is unable to afford counsel and that the issues presented in his case are too complex for his comprehension. (ECF No. 40 at 2.) He supports this motion with three documents indicating that, in 2013, he was deemed by prison education officials to be illiterate in English. (*Id.* at 3-5.) In denying the motion, Judge Baldwin noted that, as with the prior motion for counsel that relied on the same documents, Mr. Hernandez failed to show that extraordinary circumstances supported his request. (ECF No. 41 at 2-3.) Specifically, Judge Baldwin cited authority for the principle that limited English proficiency does not, on its own, constitute an extraordinary circumstance. (*Id.*) Mr. Hernandez's objection largely rehashes the substance of his Eighth Amendment claim, rather than contest the basis of Judge Baldwin's ruling. (ECF No. 43.)

The Court concludes that the denial of Mr. Hernandez's motion to appoint counsel was neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1) (stating the standard for sustaining an objection to a nondispositive ruling). Judge Baldwin applied the correct "exceptional circumstances" standard to conclude that Mr. Hernandez's motion for counsel based on an inability to afford his own or comprehend the substance of his claims is not exceptional relative to other incarcerated plaintiffs. (ECF No. 41 at 1-2.) It was also not clearly erroneous

to find that Mr. Hernandez's only support for his motion—documents indicating that he was found to be illiterate in English thirteen years ago—was of limited value. (*Id.* at 2-3.) Mr. Hernandez does not connect those documents to the present and, as Judge Baldwin recognized, courts have ruled that "limited English proficiency is 'not an exceptional circumstance.'" *Valdez v. Zhang*, No. 20-CV-736-JLS(WVG), 2021 WL 2305627, at *1 (S.D. Cal. May 4, 2021) (quoting *Park v. Kitt*, No. 1:19-cv-01551-AWI-HBK, 2021 WL 1103032, at *2 (E.D. Cal. Mar. 23, 2021)).

For these reasons, the Court overrules Mr. Hernandez's objection. This ruling does not preclude Mr. Hernandez from seeking the appointment of counsel at a later stage of proceedings. *Cf. Reed v. Dzurenda*, No. 2:19-cv-00172-ART-NJK, 2024 WL 2012337, at *1 (D. Nev. Apr. 3, 2024) (granting a motion to appoint counsel where the case survived summary judgment and a settlement conference such that the plaintiff would need to present his case at trial).

**III. Conclusions**

It is therefore ordered that Judge Baldwin's R&R (ECF No. 46) is ADOPTED and Mr. Hernandez's motion for leave to file an amended complaint (ECF No. 38) is DENIED.

It is further ordered that Mr. Hernandez's objection (ECF No. 43) to Judge Baldwin's order denying his motion to appoint counsel is OVERRULED.

Dated this 14th day of September 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE